UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **P&P PIZZA, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5175** |
| **LANDRY HARRIS AND COMPANY, ET AL** | **SECTION B(4)** |

## ORDER AND REASONS

Before the Court is Defendant Landry Harris and Co.'s Motion for Summary Judgment pursuant to FED. R. CIV. P. 56(c), asserting that Plaintiff's claims for Breach of Contract, Negligence, and Bad Faith are preempted by LA. REV. STAT. § 9:5606(A). (Rec. Doc. 7). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

### BACKGROUND

Plaintiff P&P Pizza, L.L.C. originally filed this action against Defendants Landry Harris and Co. ("Landry") and American Modern Select Insurance Co. ("American") in the 32nd Judicial District Court in Terrebonne Parish on November 18, 2008. (Rec. Doc. 1-2). Defendant American removed the proceedings to this Court on December 18, 2008, and was dismissed with prejudice by an order of this Court on June 11, 2009. (Rec. Docs. 1, 24).

1

Plaintiff's claims arise over a disputed insurance contract brokered by Defendant Landry concerning a restaurant located in Houma, Louisiana that was damaged after Hurricane Gustav made landfall on September 1, 2008. (Rec. Doc. 1-2). Plaintiff originally signed a commercial insurance application with Defendants on November 20, 2005, with the policy effective December 17, 2005, providing coverage for three separate restaurant properties. (Rec. Doc. 7-6). A copy of this policy was mailed to Plaintiffs on March 31, 2006; however Plaintiff subsequently sold one of the properties, and a new policy application was completed dropping coverage for that property and retaining coverage for the Houma and Broussard locations to be effective for the June 1, 2006 to June 1, 2007 period. *Id.*

The present case arises from an alleged discrepancy between the policy coverage for "Tenant Betterments and Improvements" of Plaintiff's Broussard and Houma locations. In the original insurance policy and each of the subsequent renewals, "Tenant Betterments and Improvements" is covered for the Broussard property, but is not listed as part of the coverage for the Houma location, which sustained considerable damage due to Hurricane Gustav. (Rec. Doc. 7-6). Both properties, however, include coverage for "BI – extra expenses", which provides coverage due to business interruption. (Rec. Doc. 14-3). In the Complaint, Plaintiff claims that Defendant made negligent misrepresentations and negligently

2

issued the insurance policy by failing to provide "betterments and improvements" coverage on the Houma property, and that this omission prevented Plaintiff from recouping insurance related to the Houma location. (Rec. Doc. 1-2).

In an affidavit, a co-owner of Plaintiff P&P Pizza, Sandy Peterman ("Peterman"), states that she explicitly informed Charon Harris ("Harris"), an insurance broker with Defendant, that she needed identical "tenant betterment and improvement" coverage for both the Houma and Lafayette locations. (Rec. Doc. 13-2). Peterman further states that Harris informed her that "She would take care of that," and that both locations would be on one policy so Plaintiffs could make one monthly payment. *Id.*

Peterman states that she assumed the listing for "BI" under the Houma property coverage stood for "betterments and improvements" and not "business interruption," and that she renewed the policy each year assuming that she had identical coverage for both locations. *Id.* Plaintiff states that the $300,000 listing next to the abbreviation "BI" on the Houma coverage plan is identical to the figure listed under the "betterments and improvements" section of the Lafayette property, and claims that the commercial property coverage declaration is "misleading, ambiguously written, and deceptive by nature." (Rec. Doc. 13). Additionally, Peterman asserts that an insurance adjuster notified her that she did not

3

have "betterments and improvements" coverage on the Houma property on or around September 12, 2008. (Rec. Doc. 1-2).

In Harris' affidavit, she states that Peterman renewed the insurance policy on the properties yearly between 2006 and 2009, and further asserts that Peterman never requested "betterments and improvement" coverage on the Houma location. (Rec. Doc. 7-6).

Defendants filed the present Motion for Summary Judgment on April 7, 2009, claiming that Plaintiff's actions are preempted by LA. REV. STAT. § 9:5606(A). In opposition, Plaintiff claims that this singular insurance policy contains "betterments and improvements" coverage for both locations, that Defendant is at fault for the discrepancy in the coverage, and that there are genuine issues of material fact precluding summary judgment. (Rec. Doc. 13).

**DISCUSSION**

**A.  Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Although the

4

Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the non-movant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The non-movant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. Peremptive Periods for a Claim Against an Insurance Broker**

Peremption is a period of time fixed by law for the existence of a right and unless timely exercised, the right is extinguished upon the expiration of the peremptive period. LA. CIV. CODE ANN. art. 3458. The applicable preemptive periods for a claim against an insurance broker are found in LA. REV. STAT. § 9:5606(A), which provides in pertinent part:

> No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should

5

> have been discovered. However, even as to actions filed
> within one year from the date of such discovery, in all
> events such actions shall be filed at the latest within
> three years from the date of the alleged act, omission,
> or neglect.

As a general rule, prescriptive or peremptive periods commence when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort. *Campo v. Correra*, 828 So.2d 502, 510-11 (La. 2002). Constructive knowledge is sufficient to commence the running of a prescriptive or preemptive period, and is defined as whatever notice, information, or knowledge that is enough to excite attention and put the injured party on guard and call for inquiry. *Id.*

One-year peremptive period for claims of insurance agent liability begins to run from the date the plaintiff discovered or should have discovered the alleged act, omission, or neglect, and once that peremptive period begins to run, and it may not then be renounced, interrupted or suspended. *Huffman v. Goodman*, 784 So.2d 718, 724-25 (La. App. 2 Cir. 4/4/01), *writ denied*, 794 So.2d 791 (La. 6/22/01). Further, mere renewals do not operate to restart peremption. *Biggers v. Allstate Ins. Co.,* 886 So.2d 1179, 1182-83 (La. App. 5 Cir. 10/26/04). If a claim of negligence is not filed within three years of the alleged act, it is extinguished by peremption, regardless of whether or not it was filed within the

one-year limitation period. *Jambon v. State Farm Fire and Cas. Co.*, 982 So.2d 131, 133 (La. App. 5 Cir. 3/11/08).

As a general rule, the client is responsible for adequately advising the insurance agent of the coverage needed and for reading the clear provisions of the insurance policy. *Motors Ins. Co. v. Bud's Boat Rental*, 917 F.2d 199, 205 (5th Cir. 1990). Under Louisiana law, an insurance agent has a general duty to use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. *Southern Athletic Club, LLC v. Hanover Ins. Co.*, 2006 WL 2583406 at *3 (*citing Karam v. St. Paul Fire & Marine Ins. Co.,* 281 So.2d 728, 730-31 (La.1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. *Id.* However, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested. *Dooley v. Wright,* 501 So.2d 980, 985 (La. App. 2 Cir.1987), *writ denied,* 512 So.2d 442 (La.1987). Furthermore, there is no duty on an agent to identify a client's needs and advise him whether he is underinsured or carries the correct type of coverage. *Dobson v. Allstate Insurance Co.,* 2006 WL 2078423 at *8-10 (E.D. La., 2006).

**C. Whether Plaintiff's Claim is Preempted by LA. REV. STAT. § 9:5606(A)**

Plaintiff's claim for negligent misrepresentation against the Defendant is perempted by LA. REV. STAT. § 9:5606(A) because: (1) the prescriptive period for Plaintiff's claim began to run from the date of the initial insurance policy with Defendant in 2006; and (2) Plaintiff is imputed with constructive knowledge of coverage provided in the insurance policy under Louisiana law from the date of the initial policy. There are no triable material factual disputes here.

Plaintiff's initial insurance policy was brokered by Defendant with an effective date of December 17, 2005. (Rec. Doc. 13). Plaintiff subsequently completed an amended insurance application reflecting a property sale, but retaining the same coverage on the Broussard and Houma properties, effective June 1, 2006 through June 1, 2007. (Rec. Doc. 7-2). On July 27 and August 15, 2006, Peterman signed a State of Values related to the insurance coverage for these properties on behalf of P&P Pizza. *Id.* Plaintiffs subsequently renewed the policy twice, from June 1, 2007 to June 1, 2008, and again for the period from June 1, 2008 to June 1, 2009. *Id.*

Under Louisiana law, a policyholder is responsible for reading and understanding the clear provisions of his insurance coverage, and constructive knowledge is sufficient to commence the running of

8

a preemptive period when the plaintiff has notice, information, or knowledge that is enough to excite attention and put the plaintiff on guard and call for inquiry. *Motors*, 917 F.2d at 205; *Campo*, 828 So.2d at 510-11. In the present case, Plaintiff's 2006, 2007, and 2008 insurance applications, statements of value, and policies each explicitly list coverage for "Tenant Improvements" and "BI" (business interruption) separately for the Broussard property, and list only "BI" under the Houma property. (Rec. Doc. 7-6). Plaintiff's insurance policy with the Defendant was renewed twice between 2006 and 2009, and in her affidavit Peterson states that she "assumed" the "BI" acronym in the Houma property coverage stood for "tenant investment and betterments", that she "never questioned" the policy, and that she renewed the policies each year believing that the coverage was "identical" for both the Houma and Broussard locations. (Rec. Doc. 13-2).

However, a cursory comparative glance over the policy shows that the insurance coverage for both properties is different, and Plaintiff is responsible for reading the policies and understanding the coverage under Louisiana law. *Motors*, 917 F.2d at 205. Under LA. REV. STAT. § 9:5606(A), a prescriptive period runs from the date the plaintiff "should have discovered" the alleged act, omission, or neglect of the insurance broker, and policy renewals do not restart the preemptive period. *Biggers*, 886 So.2d at 1182-83; *Huffman,* 784 So.2d at 718. Plaintiff should have realized the

9

insurance coverage for the Broussard and Houma properties were different and that the Houma policy did not include coverage for "tenant betterments and improvements" from the date of the amended initial policy in June of 2006. Plaintiff filed the present action on November 13, 2008, approximately two years and four months past the one-year prescriptive period provided in L<small>A</small>. R<small>EV</small>. S<small>TAT</small>. § 9:5606(A). (Rec. Doc. 7-2). Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Rec. Doc. 7) is **GRANTED**.

New Orleans, Louisiana, this 17th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE